UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARVIN HUGHES,

     Petitioner,                           Case No. 10-cv-13165

v.

                                        HONORABLE STEPHEN J. MURPHY, III

CATHERINE BAUMAN,

     Respondent,

_____/

## OPINION AND ORDER TRANSFERRING THE MATTER TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Marvin Hughes, confined at the Alger Maximum Correctional Facility in Munising, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Hughes claims to challenge the Michigan Parole Board's decision to deny him release on parole, but also seems to challenge his underlying criminal convictions. The Court concludes that it must transfer this case to the Sixth Circuit Court of Appeals.

## BACKGROUND

In 1985, Hughes was charged with committing a number of criminal offenses as a minor. On October 25, 1985, the Oakland County Probate Court waived jurisdiction over Hughes's criminal charges and transferred his case to the Oakland County Circuit Court for him to be tried as an adult. On January 13, 1986, Hughes pleaded guilty to assault with intent to rob while armed, two counts of armed robbery, two counts of assault with intent to commit great bodily harm, and four counts of breaking and entering. On February 4, 1986, Hughes was sentenced to a prison term of twenty to sixty years.

1

Hughes has previously filed a petition for a writ of habeas corpus challenging his Oakland County conviction. The petition was dismissed on the ground it was time-barred. *Hughes v. Bergh*, No. 2:06-CV-12754 (E.D. Mich. April 30, 2007) (Hood, J.). The Sixth Circuit declined to issue a certificate of appealability on the issue of whether his claim was time barred. *Hughes v. Bergh*, No. 08-1450 (6th Cir. Aug. 6, 2009).

Hughes has been denied parole on several occasions. He has sought habeas review on these denials on at least three occasions. *See Hughes v. Bauman,* No. 2:09-CV-78, 2009 WL 1994151 (W.D. Mich. July 8, 2009); *Hughes v. Bergh,* No. 2:08-CV-194, 2009 WL 199332 (W.D. Mich. Jan. 26, 2009)*; Hughes v. Bergh,* No. 2:07-CV-211, 2008 WL 4813312 (W.D. Mich. Oct. 30, 2008). The Sixth Circuit declined to issue a certificate of appealability with respect to his claims. *See Hughes v. Bergh*, No. 09-1352/1439 (6th Cir. Sept. 29, 2009).

On July 20, 2010, the Michigan Parole Board again denied Hughes release on parole. He filed the instant petition seeking a writ of habeas corpus on the following grounds:

I.  Cruel and unusual punishment in violation of the Eighth Amendment.

II. Double Jeopardy in violation of the Fourteenth Amendment.

III. Deprivation of counsel in violation of the Sixth Amendment.

**DISCUSSION**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA"). Among other things, AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with

second or successive petitions for a writ of habeas corpus. AEDPA applies in this case because Hughes filed the instant habeas petition after AEDPA became effective. *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move, in the appropriate court of appeals, for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Indeed, a federal district court lacks jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999); *see also Nelson v. United States*, 115 F.3d 136, 136 (2d Cir. 1997). Unless the court of appeals has authorized the filing of a second or successive petition, a district court within the Sixth Circuit must transfer the petition to the Sixth Circuit no matter how meritorious the district court believes the claim to be. *In re* Sims, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed prior to AEDPA. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Not every numerically second petition is "second or successive" for purposes of AEDPA. Specifically, "a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

In reviewing Hughes's first two claims, it is not entirely clear whether he is challenging the validity of his 1986 conviction, the Michigan Parole Board's refusal to release him on parole for these offenses, or both. In his first claim, Hughes claims that his

continued confinement amounts to cruel and unusual punishment because he is being incarcerated for acts that were originally classified as juvenile delinquency when he was originally charged as a juvenile in Oakland County Probate Court.  In his second claim, he contends that his continued confinement violates the Double Jeopardy Clause because he is being punished twice for the same conduct in that he was ultimately convicted as an adult for offenses that were originally classified as juvenile delinquency in juvenile court.

To the extent Hughes is trying to challenge the validity of his criminal conviction, the petition is a second or successive petition.  As stated earlier, Hughes previously filed a habeas petition with the federal courts challenging his 1986 conviction out of the Oakland County Circuit Court, which was dismissed as time barred.  Dismissal of a petition for the reason that it is time-barred constitutes an adjudication on the merits that renders any future petitions challenging the same conviction a "second or successive" petition for purposes of § 2244(b).  *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003); *cf. In Re Cook,* 215 F.3d 606, 607-08 (6th Cir. 2000) (when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the state statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive" for purposes of § 2244(b)).  Because Judge Hood dismissed Hughes's first petition as time-bared, that decision was an adjudication on the merits making the instant petition a second or successive one for purposes of § 2244(b).

Alternatively, insofar as Hughes claims he should have been released on parole on grounds that the Michigan Department of Corrections lacks jurisdiction over his case

because he should have been tried as a juvenile, the petition is also considered a second or successive petition. Hughes has challenged the denial of his parole in at least three prior habeas petitions but has never advanced this specific argument in support of his requests for release on parole. It seems he could have raised the claims in those petitions. There is no reason to believe, and Hughes does not allege, that the Parole Board looked at different material regarding the nature of his underlying conviction when it made its prior decisions to deny him parole. Because Hughes was aware of the basis for the parole denial claims he raises in the instant habeas petition at the time he filed his prior habeas petitions challenging parole denial, his current challenge to the Parole Board's denial of parole appears to be a "second or successive petition." *See In re Marsch,* 209 Fed. Appx. 481, 482-83 (6th Cir. 2006) (finding petition a "second or successive petition" when it challenged denial of parole, the first petition also challenged denial of parole, and there were no allegations in the second petition that the parole board considered different material regarding nature of underlying offense when it made its first decision to deny parole such that petitioner could have discovered the factual predicate of the denial by the time he filed his first petition).

The Court recognizes that Hughes could not have raised his third claim involving the denial of counsel at his 2010 parole review hearing in any of his prior habeas petitions. Although the Sixth Circuit has yet to address the issue, one other circuit has held that in the absence of pre-filing authorization from a court of appeals, a district court lacks jurisdiction to consider *any* claim made in a second or successive petition, even those that would not be subject to the limits on successive collateral relief applications were it presented separately. *See United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003) ("[B]ecause

the authorization requirement applies to the entire application, the jurisdictional effect of §
2244(b)(3) extends to all claims in the application, including those that would not be subject
to the limits on successive applications if presented separately"). The Court will therefore
refrain from adjudicating the merits of Hughes's third claim in the absence of a certificate
of authorization from the Sixth Circuit to entertain the successive petition or an order stating
that the Court need not receive authorization to consider the claim.

Finally, although neither party raised the issue of this being a second or successive
petition, it is appropriate for this Court to consider the issue *sua sponte* because subject
matter jurisdiction is a threshold question the court has an obligation to raise on its own.
*See Metro Hydroelectric Co. v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008)
(Considering whether jurisdiction to hear a case exists is the first and fundamental question
presented by every case brought to the federal courts." (internal quotation marks omitted));
*Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 607 (6th Cir. 1998) ("Quite aside
from whether the parties raise jurisdictional issues themselves -- or even attempt to
consent or agree to federal jurisdiction -- federal courts have an independent obligation to
investigate and police the boundaries of their own jurisdiction."). Because this appears to
be a second or successive habeas petition, it would be error for this Court to consider the
petition rather than transferring it to the Sixth Circuit, because, as stated already, the Court
would be acting without jurisdiction and any resulting judgment would be void.

### CONCLUSION AND ORDER

Hughes has not obtained authorization to file a subsequent petition as required by
28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court will order the Clerk of the Court to
transfer this case to the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. §

1631; *In re Sims*, 111 F.3d at 47.

 **WHEREFORE** it is hereby **ORDERED** that the petition for a writ of habeas corpus

shall be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

 **SO ORDERED.**


 s/Stephen J. Murphy, III
 STEPHEN J. MURPHY, III
 United States District Judge

Dated: August 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2010, by electronic and/or ordinary mail.

 Andrea Teets
 Deputy Clerk